UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LUTHER BROWN,

                    Plaintiff,

                                              04-CV-6233T

          v.                                  **DECISION
                                              and ORDER**

GLENN S. GOORD, CHARLES M. DEVANE,
LUCIAN J. LECLAIRE, JR., FRANK SHERIDAN,
MELVIN L. HOLLINS, KENNETH PERLMAN,
individually, and KEEFE SUPPLY COMPANY,


                    Defendants.
_____


                    INTRODUCTION

     Plaintiff, Luther Brown, ("plaintiff" or "Brown") brings this
action against Commissioner Glenn Goord, Deputy Commissioner
Charles Devane, Deputy Commissioner Lucian LeClaire, Jr.,
Facilities Planning Director Frank Sheridan, Superintendent of
Oneida Correctional Facility Melvin Hollins, and Superintendent of
Mohawk Correctional Facility Kenneth Perlman (collectively known as
"the State defendants"), alleging violations of his civil rights
pursuant to 42 U.S.C. § 1983. The State defendants move to dismiss
the Complaint against them pursuant to Federal Rule of Civil
Procedure 12(c). Plaintiff opposes the motion.

     For the reasons set forth below, the State defendants' motion
to dismiss the Complaint is granted.

BACKGROUND

On June 3, 2001, plaintiff, an inmate at Oneida Correctional Facility entered the shower room wearing a pair of shower shoes. Plaintiff alleges that as he exited the shower he fell due to the slippery floor conditions, seriously injuring his back, arm, and right hand. Plaintiff was transferred to Mohawk Correctional Facility where on February 8, 2002, he again wearing the same shower shoes experienced a fall in the shower due to similar slippery floor conditions further aggravating his injuries from his previous fall.

Plaintiff alleges that in both facilities prison officials knew of the slippery dangerous conditions because several other inmates had fallen but that they had failed to correct the problem. Also, plaintiff alleges that he filed grievances to fix the conditions and that he suggested that the facility officials install anti slip mats to remedy the problem. Furthermore, plaintiff maintains that because the showers in both facilities are made of tile with no anti slip material and lack handholds they have caused injury to him and are a potential danger to all inmates. Plaintiff claims that this practice fails to follow safety standards because in the Attica Correctional Facility ("Attica") where he is currently housed, the shower stalls do have anti slip mats and handholds. Therefore, plaintiff maintains that he has suffered a violation of the Eighth Amendment because "he has been

treated in a cruel and unusual manner in that the defendants have shown utter indifference to take the steps to insure his safety." See Attorney's Affirmation ¶5 (Doc. No. 19).

On May 25, 2004, plaintiff filed this Complaint alleging causes of action against the State defendants and the manufacturer of the shower shoes, Keefe Supply Company. On November 7, 2005, the State defendants moved to dismiss the Complaint against them which is the motion presently before the Court for determination. For the reasons stated herein, that motion is granted.

## DISCUSSION

### I. Federal Rule of Civil Procedure 12(c)

Here, the State defendants move to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(c) which provides that:

> after the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings

Furthermore, "the standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001). See also Irish Lesbian & Gay Org. v. Giuliani, 143 F.3d 638, 644 (2d Cir. 1998); Ad-Hoc Comm. of Baruch Black & Hispanic Alumni Ass'n v. Bernard M. Baruch Coll., 835 F.2d 980, 982 (2d Cir. 1987). "In both postures, the district court must accept all allegations in the complaint as true and draw all inferences in the non-moving

party's favor". <u>Patel</u>, 259 F.3d at 126. "The court will not dismiss the case unless it is satisfied that the complaint cannot state any set of facts that would entitle him to relief." <u>Id.</u>

II. <u>The Eighth Amendment Claim</u>

Plaintiff alleges that his Eighth Amendment rights were violated because defendants' actions demonstrated their deliberate indifference in failing to remedy an alleged slippery shower floor problem. The Eighth Amendment protects prisoners from "cruel and unusual punishments" in the form of "unnecessary and wanton infliction of pain" at the hands of prison officials. <u>Wilson v. Seiter</u>, 501 U.S. 294, 297 (1991); see also <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976). The Eighth Amendment's deliberate indifference test "encompasses an objective standard, that the deprivation is objectively sufficiently serious such that the plaintiff was denied the minimal civilized measure of life's necessities, and a subjective standard, that the defendant official possessed a sufficiently culpable state of mind associated with the unnecessary and wanton infliction of pain." <u>Sylla v. City of New York</u>, 04-cv-5692, 2005 U.S. Dist. LEXIS 31817, at *8 (E.D.N.Y. Dec. 8, 2005). See also <u>Farmer v. Brennan</u>, 511 U.S. 825, 834 (1994).

Based on the facts of this case, plaintiff cannot establish the objective standard of his deliberate indifference claim, that his fall in the shower was "sufficiently serious such that [he] was denied the minimal civilized measure of life's necessities." It is well settled that "failure to provide shower mats does not rise to

the level of constitutional violation within the meaning of Section 1983, and thus is not actionable." <u>Davis v. Reilly</u>, 324 F.Supp.2d 361, 367 (E.D.N.Y 2004). See also <u>Spencer v. Sylvester</u>, No. 97-cv-5491, 1999 U.S. Dist. LEXIS 1098, at *6 (E.D.N.Y. Feb. 2, 1999) (concluding that a slip and fall claim is not actionable under Section 1983). Furthermore, plaintiff's claim is one for negligence and mere negligence is insufficient to establish an Eighth Amendment claim. See <u>Farmer v. Brennan</u>, 511 U.S. 825, 835-838 (1994).

Additionally, plaintiff cannot establish the subjective standard of his Eighth Amendment claim either because he has not offered facts to support his claim that the defendants not only were deliberately indifferent to his needs but that defendants also "possessed a sufficiently culpable state of mind associated with the unnecessary and wanton infliction of pain." Plaintiff alleges that his grievances and suggestions were ignored by the defendants. However, the components of a negligence claim such as this will not suffice for deliberate indifference. See <u>Woodrich v. Greiner</u>, 01 Civ. 7892, 2002 U.S. Dist LEXIS 11702, at *6-7 (S.D.N.Y. June 28, 2002). Therefore, because plaintiff has failed to allege a cognizable constitutional violation under the Eighth Amendment, his Complaint is dismissed against the State defendants.

<u>CONCLUSION</u>

For the reasons set forth above, the State defendants' motion to dismiss is granted.

ALL OF THE ABOVE IS SO ORDERED.


                              ___S/Michael A. Telesca_____
                                MICHAEL A. TELESCA
                              United States District Judge

Dated:    Rochester, New York
          April 5, 2006__